IN RE APPEAL OF BUCKEYE POWER, INC., ET AL.

[Cite as In re Appeal of Buckeye Power
(1975), 42 Ohio St. 2d 508.]

(No. 74-965—Decided June 25, 1975.)

*Messrs. Fuller, Henry, Hodge & Snyder, Mr. Wilson W. Snyder, Mr. Thomas L. Young* and *Mr. Kenneth E. Armstrong,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Christopher R. Schraff* and *Mr. E. Dennis Muchnicki,* for appellee.

*Per Curiam.* This is an appeal from orders of the Power Siting Commission of Ohio adopting rules and regula-

tions pursuant to R. C. 4906.03(E) governing practice and procedure before the commission.

The commission was created in 1972 by the enactment of R. C. Chapter 4906. The commission's principal function is to grant or deny certificates of environmental compatibility and public need authorizing the construction of a "major utility facility," as defined in R. C. 4906.01(B). Appellants, who must obtain a certificate from the commission before commencing construction of a major utility facility in this state, contend that the rules and regulations adopted are unreasonable and unlawful and should be vacated.

In *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, this court stated, in paragraph five of the syllabus: "Courts will not aid in making or revising rules of administrative officers, boards or commissions, being confined to deciding whether such rules are reasonable and lawful as applied to the facts of a particular justiciable case." See *Craun Transportation* v. *Pub. Util. Comm.* (1954), 162 Ohio St. 9.

In this case, the court is asked to declare all the rules unreasonable and unlawful. Some parts of the rules are definitely challenged, while others are not. The reasonableness and lawfulness of the rules have been placed before this court without reference to any specific application of any rule to particular facts.

In *Zangerle, supra,* the court stated, at page 571, that "* * * a court may not take part in their [rulemaking] enactment or promulgation. The function of a court is to decide whether such rules are reasonable as applied to the facts of a particular justiciable case."

In *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, Justice Herbert states in the majority opinion, at page 14: "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect."

The record in this case does not present a justiciable case for the determination of the questions raised. The ap-

peal is dismissed, *sua sponte,* on the basis of authorities cited.

*Appeal dismissed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

PAUL W. BROWN, J., concurring. The majority holds that the appeal herein does not present a justiciable case or controversy. More specifically, the appeal is barred because appellant seeks judicial review of a quasi-legislative proceeding, that is, from the making or revising of rules rather than the application of rules in an adjudicatory manner. In view of *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563; *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13; *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150; *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93; *DeLong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62; and *Rankin-Thoman* v. *Caldwell* (1975), 42 Ohio St. 2d 436, such an appeal is foreclosed.

O'NEILL, C. J., and CORRIGAN, J., concur in the foregoing concurring opinion.