WHITE CONSOLIDATED INDUSTRIES, APPELLANT, *v.* NICHOLS, DIRECTOR OF ENVIRONMENTAL PROTECTION, APPELLEE.

[Cite as White Consolidated Industries *v.* Nichols (1984), 15 Ohio St. 3d 7.]

(No. 83-1286—Decided December 19, 1984.)

8

[redacted]

*Messrs. Squire, Sanders & Dempsey, Mr. George M. von Mehren* and *Ms. Lynne A. Monaco,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. E. Dennis Muchnicki,* for appellee.

*Per Curiam.* Although the parties devote the major portion of their arguments to a consideration of whether the three rules invalidated by the EBR were unreasonable and unlawful, there is a question raised herein which first must be resolved. This preliminary question is whether there is a justiciable controversy in the absence of any facts to which to apply the standard of reasonableness and lawfulness. We must respond in the negative and for this reason reverse the judgment of the court of appeals.

This court stated in *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13 [51 O.O.2d 35], at paragraph two of the syllabus:

"Courts will not aid in making or revising rules of administrative officers, boards or commissions, being confined to deciding whether such rules are reasonable and lawful as applied to the facts of a particular justiciable case. (*Zangerle* v. *Evatt* [1942], 139 Ohio St. 563 [23 O.O. 52], approved and followed.)"

This principle was confirmed in *In re Appeal of Buckeye Power* (1975), 42 Ohio St. 2d 508, 509 [71 O.O.2d 505], where this court held that there was no justiciable case since "* * * [t]he reasonableness and lawfulness of the rules have been placed before this court without reference to any specific application of any rule to particular facts."

That is precisely the situation presented in the case at bar. Here, appellant has challenged a series of administrative rules adopted by an administrative agency as being unreasonable and unlawful. However, we have no facts whatsoever before us with which to test the rules against the

appropriate standard of review. Without such set of facts, this appeal does not present a justiciable controversy. In *Fortner, supra,* and *Buckeye Power, supra,* this court declined to take part in the rulemaking process of an administrative agency and will adhere to that course. This case is distinguishable from the situation we faced in *Williams* v. *Akron* (1978), 54 Ohio St. 2d 136 [8 O.O.3d 125]. In *Williams,* at paragraph three of the syllabus, we held:

"An appeal to the Court of Appeals for Franklin County from the final orders of the Environmental Board of Review issued upon appeal of the rule-making actions of the Director of Environmental Protection, pursuant to R.C. 3745.06, is within the appellate jurisdiction of the Court of Appeals for Franklin County where a *justiciable case and controversy* exist between adverse parties." (Emphasis added.)

Thus, *Williams* did not in any way eliminate or lessen the requirement that an appeal to the court of appeals from the EBR present a justiciable controversy. Rather, *Williams* serves to emphasize that without a justiciable controversy, no appeal will lie from a decision of the EBR. Although we found a justiciable controversy in *Williams,* a similar result is not mandated herein. In *Williams,* the director adopted a rule governing water quality standards. The very nature of the director's action in *Williams* sets that case apart from the instant case. Here, the director adopted a series of strictly *procedural* rules controlling adjudication hearings. Unlike the water quality standards in *Williams,* the parties herein were under no immediate obligation to comply with these rules. For instance, we found in *Williams* that without judicial relief, the parties who were subject to the water quality standards would suffer hardship since they were instantly subject to sanctions for failing to comply. In contrast, there is no indication in the record before us that, as between the instant parties, there are any pending adjudication hearings at which the director's rules would have been in force. That being the case, this court, as well as the court of appeals, was being "asked to determine rights in a 'vacuum' * * *." *Williams, supra,* at 145; *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, 98 [63 O.O.2d 149].

Until the parties can come forward with a specific factual setting, without strictly resorting to hypotheticals and speculation, this cause does not present a justiciable controversy. This court is not inclined to decide cases on entirely hypothetical facts and render purely advisory opinions. We therefore hold that the appeal from the EBR to the court of appeals and from the court of appeals to this court presented no justiciable cause.

The remaining consideration is the effect of our holding. Appellee argues that the decision of the court of appeals should be affirmed. We disagree. In *Fortner, supra,* and *Buckeye Power, supra,* this court dismissed appeals taken from administrative agencies after finding no justiciable case. In the instant case, the court of appeals reversed the decision of the EBR. It is our determination that, absent a particular set of

facts, the court of appeals should have dismissed the appeal from the EBR. There being no appeal for resolution from the EBR without a justiciable controversy, the appeal from the EBR must be dismissed.[1]

Accordingly, the judgment of the court of appeals is reversed and the appeal is dismissed.

*Judgment reversed and
appeal dismissed.*

CELEBREZZE, C.J., FORD, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

---

[1] This is true even though R.C. 3745.04 allows an appeal to the EBR from the adoption of a rule by the director and R.C. 3745.06 allows an appeal to the court of appeals from the EBR. The fact that there is statutory authorization for the appeal to the court of appeals from the EBR does not mandate that the judiciary resolve non-justiciable cases. For instance, in *Buckeye Power, supra,* even though there was statutory authorization pursuant to R.C. 4903.13 and 4906.12 to take an appeal from the Power Siting Commission to this court, we dismissed the appeal for want of a justiciable controversy.