Two questions appear to have been presented to the trial court in the declaratory judgment complaint. First, the trial court was asked whether the county auditor had to accept and record the new plat. Second, the trial court was asked to determine the right of SCI (the developer) to vacate (tear up) the public road.
In terms of the first question, whether the county auditor had to accept and record the new plat, the question is barred by the doctrine of res judicata. Under Ohio law, an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. National Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62; Rogers v. Whitehall (1986), 25 Ohio St.3d 67,69. The Supreme Court of Ohio has found:
 where a party is called upon to make good his cause of action * * *, he must do so by all the proper means within his control, and if he fails in that respect * * *, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.
National Amusements, Inc. v. Springdale, 53 Ohio St.3d at 62, quoting Covington Cincinnati Bridge Co. v. Sargent (1875),27 Ohio St. 233, paragraph one of the syllabus. SCI filed for a writ of mandamus asking the trial court to force the county auditor to accept and to record the new plat. The trial court refused to mandate the auditor to take such action. Because the trial court denied the writ of mandamus, SCI is barred by res judicata from having the trial court address the issue in the declaratory judgment.
In terms of the second question, which asked the trial court to determine the right of SCI (the developer) to vacate (tear up) the public road, such a determination would be an advisory opinion. In order to obtain a declaratory judgment as an alternative to other remedies, three elements must be established: "(1) that a real controversy between adverse parties exists; (2) which is justiciable in character; (3) and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." Fairview Gen. Hosp. v. Fletcher (1992),63 Ohio St.3d 146, 148-49. See R.C. 2721.02. In a case where litigants requested declaratory judgment which essentially asked the trial court's advice as to an electrical generator project's legality, the Tenth District Court of Appeals held that the trial court lacked jurisdiction and found:
 The law is well settled that Ohio statutes providing a remedy in declaratory judgments do not authorize advisory opinions. Armco, Inc. v. Pub. Util. Comm. (1982), 69 Ohio St.2d 401; State, ex rel. Smith v. Ocasek (1976), 46 Ohio St.2d 200; In re Appeal of Buckeye Power (1975), 42 Ohio St.2d 508 and Fortner v. Thomas (197[0]), 22 Ohio St.2d 13. In order for a court to render a declaratory judgment, there must be a genuine controversy between the parties who must have adverse legal interests of sufficient immediacy and reality. Burger Brewing Co. v. Liquor Control Comm.
(1973), 34 Ohio St.2d 93.
American Mun. Power-Ohio, Inc. v. State (Oct. 27, 1983), Franklin App. No. 83AP-110, unreported, 1983 Ohio App. LEXIS 15196, *3.
The trial court provided that "[t]he main issue in which (sic) this court must decide is whether or not Plaintiff could vacate Heritage Centre Drive according to O.R.C. 711.24." The trial court concluded:
 In considering the language of O.R.C. 711.24, the Court determines that the rule enunciated in O.R.C. 711.24 was intended to encompass such a street as Heritage Centre Drive. * * * Plaintiff complied with the requirements enunciated in O.R.C. 711.24
in order to vacate Heritage Centre Drive.
Essentially, the trial court was asked to determine which statute would be applied for the vacation of a roadway. Thus, no genuine controversy between parties with adverse legal interests existed.
I would reverse and remand this case to the trial court for a dismissal because: (1) the first question is barred by the doctrine of res judicata, and (2) the second question should be dismissed for lack of jurisdiction.