MEMORANDUM DECISION AND JUDGMENT ENTRY.
In the early-morning hours of June 6, 1998, police officers from the Lincoln Heights Police Department entered the defendant's residence pursuant to a search warrant. The officers acted upon information from informants and general-public complaints of drug activity at the defendant's residence. Inside the residence, two females and one male complied with the officers' orders to "get down." The defendant, seeing the officers come towards his location in a back bedroom, closed the door to that room. The officers broke the bedroom door down, but the defendant failed to submit to the officers' show of authority. As the officers attempted to detain the defendant, the defendant assaulted them.
On June 10, 1998, the Hamilton County Grand Jury returned a six-count indictment that charged the defendant with two counts of assault on a police officer, two counts of felonious assault, and two counts of aggravated robbery. A jury found the defendant guilty of the two assault charges, but acquitted the defendant on one count of felonious assault and one count of aggravated robbery. The jury could not reach a verdict on the remaining felonious-assault and aggravated-robbery charges, so those were dismissed at the request of the state.
In his first assignment of error, the defendant claims that the trial court erred in overruling his motion to suppress evidence obtained as a result of a warrant executed at night, because the warrant did not expressly authorize the nighttime entry into his residence. However, one is not privileged to resist arrest or attack police officers inside one's residence regardless of whether the police officers have unlawfully gained access to the residence. State v. Green (July 2, 1998), Delaware App. No. 97CAA11052, unreported, citing State v. Howard (1991),75 Ohio App.3d 760, 600 N.E.2d 809; Strongsville v. Waiwood (1989),62 Ohio App.3d 521, 577 N.E.2d 63; Middleburg Heights v. Theiss
(1985), 28 Ohio App.3d 1, 501 N.E.2d 1226. Because the defendant's convictions for assault stem from the defendant's actions subsequent to the police officers' entry into the defendant's home, whether the police had unlawfully gained access to the defendant's residence is moot. Were we to address the substantive legal aspects of the search warrant and the time of its execution under the facts of this case, we would merely be rendering an advisory opinion. The established policy in Ohio prohibits appellate courts from rendering such opinions. SeeWhite Consolidated Industries v. Nichols (1984), 15 Ohio St.3d 7,471 N.E.2d 1375; Cascioli v. Central Mut. Ins. Co. (1983), 4 Ohio St.3d 179,183, 448 N.E.2d 126; Armco, Inc. v. Pub. Util. Comm.
(1982), 69 Ohio St.2d 401, 433 N.E.2d 923. Therefore, we overrule the first assignment of error on the basis that the issue raised by the defendant is moot.
In the defendant's second and third assignments of error, he challenges the sufficiency and weight of the evidence presented by the state to support the assault convictions. Where substantial evidence is presented by the state to support all elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See State v. Barnes (1987), 25 Ohio St.3d 203,495 N.E.2d 922; State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
Although the defendant's testimony was that he did not assault the police officers, both Officer Rancourt and Officer Thomas testified that they were assaulted by the defendant. Officer Rancourt testified that he was hit in the mouth and suffered redness and swelling. Officer Thomas testified that he was punched in the face. Furthermore, these officers' testimony was corroborated by the testimony of Corporal Chance. Based upon the record, we conclude that there was sufficient evidence to support the assault convictions. Furthermore, we hold that the jury did not lose its way in arriving at a verdict finding the defendant guilty of assaulting the police officers. Therefore, the defendant's second and third assignments of error are overruled, and the trial court's judgment is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Sundermann, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on June 25, 1999
per order of the Court _______________________________.
Presiding Judge