OPINION
Plaintiff-appellant Hochman Roach Co., L.P.A., a law firm, appeals from a summary judgment rendered against it on its claim against defendant-appellee Rebecca Weaver for an amount allegedly due as its fee for representing her in connection with a workers' compensation claim. Hochman Roach contends that the trial court erred by concluding that it was required, as a predicate for recovering a fee, to submit the controversy to the Ohio Industrial Commission for determination of the proper amount of the fee. Hochman Roach also claims that requiring it to submit the controversy to the Ohio Industrial Commission deprives it of its access to the courts, in violation of Art. I, Sec. 16 of the Ohio Constitution.
We conclude that an attorney is required to submit to the Ohio Industrial Commission any controversy concerning the attorney's fee for legal services rendered in connection with a claim for workers' compensation, and the attorney may not assert a claim for the fee without first obtaining a determination of the amount thereof by the Industrial Commission. We further conclude that Hochman Roach has waived its claimed right to a remedy pursuant to Article I, Sec. 16 of the Ohio Constitution, since it failed to make that argument in the trial court.
Accordingly, we conclude that the trial court did not err by rendering summary judgment against Hochman Roach, and the judgment of the trial court is Affirmed.
 I
In April, 1992, Hochman Roach entered into a contract to represent Weaver in connection with her claim for injuries sustained in an accident that had occurred in October, 1990. Pursuant to that contract, Hochman Roach was to receive one-third of any compensation awarded to Weaver as a result of its efforts.
Hochman Roach alleges that in June, 1996, Weaver settled directly with her employer, Honda, for $30,000, without the knowledge or approval of Hochman Roach. Hochman Roach brought this action to recover its fee for services rendered. Weaver moved for summary judgment. The trial court rendered summary judgment in Weaver's favor. Hochman Roach appeals.
 II
Hochman Roach's First Assignment of Error is as follows:
 THE TRIAL COURT HAD THE JURISDICTION TO DETERMINE THE VALUE OF SERVICES PROVIDED BY HOCHMAN ROACH.
In his decision granting Weaver's motion for summary judgment, the Honorable Jeffrey M. Welbaum, Judge of the Miami County Common Pleas Court, reached the following conclusions of law:
 Even when the Court assumes all the facts alleged by the Plaintiff to be true, the Court concludes that Plaintiff cannot receive its fee. The Court has jurisdiction to determine whether a contract existed, and was breached, and whether Plaintiff is entitled to receive a fee under quantum meruit. Hockman [sic] Roach Co., L.P.A. v. Rebecca Weaver, No. 96-359, Miami County Common Pleas, ORDER GRANTING MOTION TO DISMISS IN PART AND OVERRULING MOTION IN PART, entered November 14, 1997. . . .
 However, this Court does not have jurisdiction to determine what fee, if any, Plaintiff is entitled to receive. Thornburgh Law Offices v. Kathy Erb, (August 14, 1998), Miami App. No. 98CA7, 8, Julian Kahan Associates v. Greathouse, (June 30, 1994), Cuyahoga App. No. 65544. These cases reinforce the plain language of O.R.C. 4123.06, O.A.C. 4123-3-24, and O.A.C. 4121-3-24, which provide that the Industrial Commission is vested with exclusive jurisdiction to determine the amount of the fee at issue here. Therefore, in the event this Court found in favor of Plaintiff on the claims of breach of contract or quantum meruit the Court would not have jurisdiction to make an award., Plaintiff may not make a claim for the fee at this time. Plaintiff did not file a claim with the Industrial Commission within one year of the time the claim arose as required under O.A.C. 4121-3-24(B). Therefore, the Industrial Commission no longer is vested with jurisdiction to determine the appropriate fee.
 It has been held that if something occurs without the fault of the defendant which renders it impossible, if the Court's decision should be in favor of the plaintiff, to grant the plaintiff effectual relief, the case will be dismissed as being moot. Hagerman v. Dayton (1947), 147 Ohio St. 313, 325, Ohio Civil Service Employees Association v. Ohio Department of Transportation, (1995), 104 Ohio App.3d 340, 343, Keller v. Flaherty, 74 Ohio App.3d 788, 791. Here, the Court has no jurisdiction to determine or award damages, and the Industrial Commission is without authority to do so. Therefore it is impossible for this Court to grant the Plaintiff effectual relief. Since none of the exceptions outlined in the foregoing cases apply, the case is moot and shall be dismissed.
 The Court finds that there are no material facts which appear to be genuinely in dispute at this time, and therefore, the said Defendant is entitled to Summary Judgment as a matter of law. Therefore, the Court finds said Defendant's motion for summary judgment well taken.
Hochman Roach argues that the trial court's reasoning, as evidenced in the passage from the trial court's decision quoted above, is erroneous. Hochman Roach first argues that the holding in Thornburgh Law Offices v. Erb, supra, applies only where there is a controversy surrounding attorneys fees. Hochman Roach argues that the case before us is distinguishable, because there is no controversy concerning the fees. However, that argument finds no support in the record. Hochman Roach, in its memorandum in opposition to Weaver's motion for summary judgment acknowledged the existence of a controversy when it made the following statement, at page 3 thereof:
 There is a genuine issue of material fact as to whether a contract existed between HR and the [sic] Weaver at the time Weaver settled her case. Weaver claims that said contract was terminated before she accepted the $30,000.00 (Thirty Thousand and 00/100 Dollars) settlement, and that HR is not entitled to any portion of that money.
We conclude that there is clearly a controversy concerning the attorneys fee that Hochman Roach is allegedly due in this matter.
 Next, Hochman Roach contends that it is not required to submit the controversy to the Industrial Commission, citing the following statement in O.A.C. § 4121-3-24, "[w]hen a controversy exists between a party and his representative concerning fees for services rendered in industrial claims, either the party or the representative may make a written request to the commission to resolve the dispute." (Emphasis in Hochman Roach's brief.) This argument is somewhat incomprehensible. Obviously, Hochman 
Roach could not have been compelled to make a written request to the commission to resolve the dispute. However, if it wanted to pursue its claim for fees, it was required to do so as a predicate for obtaining an award of fees. This was the conclusion we reached in Thornburgh Law Offices v. Erb, supra, and we see no reason to depart from that holding in the case before us.
Hochman Roach's First Assignment of Error is overruled.
 III
Hochman Roach's Second Assignment of Error is as follows:
 THE TRIAL COURT'S DECISION GRANTING SUMMARY JUDGMENT DEPRIVED HOCHMAN ROACH OF ITS CONSTITUTIONAL RIGHT TO A REMEDY.
Hochman Roach argues that the requirement that it submit the controversy concerning attorneys fees to the Industrial Commission for resolution deprives it of its right to a remedy under Article I, Section 16 of the Ohio Constitution. This argument was not raised in the trial court. Therefore, it is waived.
Hochman Roach's Second Assignment of Error is overruled.
 IV
Both of Hochman Roach's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
James B. Hochman, Cinamon S. Houston, Robert M. Harrelson, HON. JEFFREY M. WELBAUM