[Cite as *Morgan Woods Home Owners' Assn. v. Wills*, 2016-Ohio-181.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MORGAN WOODS HOME OWNERS' ASSOCIATION | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 15-CA-43 |
|  | : |  |
| DAVID B. WILLS, ET AL | : |  |
|  | : | O P I N I O N |
| Defendant-Appellee | : |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Licking County Court of Common Pleas, Case No.2007CV01043 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 19, 2016 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| W. PRENTICE SNOW | JAMES R. COOPER |
| 10 West Locust St., P.O. Box 487 | 33 W. Main Street, P.O. Box 4190 |
| Newark, OH 43058 | Newark, OH 43058-4190 |

*Gwin, P.J.*

{¶1} Plaintiff–appellant Morgan Woods Homeowners' Association ["MWHA"] appeals the May 27, 2015 judgment entry of the Licking County Court of Common Pleas. Defendants–appellees are David B. and Sharon J. Wills. ["Collectively "Wills"].

*Facts and Procedural History*

{¶2} This appeal arises from the Licking County Common Pleas Court's denial of MWHA's motion for additional attorney fees filed April 2, 2015 and the denial of MWHA's oral motion to continue the hearing date.

{¶3} In its complaint, MWHA requested an order directing Wills to remove a fence, an injunction to prevent Wills from erecting any fence on the property that had not been "expressly approved," for damages, and attorney fees.[1]

{¶4} Wills, by answer and counterclaim, contended that there were no properly established guidelines for the approval or disapproval of a request for the construction of a fence and that they did not have notice of the requirements that MWHA sought to enforce. In addition, Wills alleged that their plans for the fence had been approved by MWHA's architect as well as by MWHA since MWHA did not respond to Wills' plan within the time prescribed by the Morgan Woods Restrictions.

{¶5} Wills sought by counterclaim a declaratory judgment that MWHA acted unreasonably, arbitrarily, and contrary to law in its interpretation and enforcement of the restrictive covenants; that Wills' plans and specifications were approved in accordance with the terms of the covenants; that the covenants did not require that fences in the subdivision be constructed within any setbacks; and that there were no design standards

---

[1] For a complete rendition of the underlying facts see *Morgan Woods Homeowners' Association v. Wills,* 5th District, Licking No. 11 CA 57, 2012-Ohio-233. ["*MWHA I"]*.

or other standards that reasonably provided notice to Wills in accordance with the general land use plan for the subdivision.

{¶6} On August 6, 2008, this matter proceeded to trial before the magistrate of the Licking County Common Pleas Court. The magistrate's decision was filed October 4, 2010, and found in favor of MWHA. On May 6, 2011, Wills filed objections to the Magistrate's Decision. By judgment entry filed May 16, 2011, the Common Pleas Court of Licking County, Ohio, overruled Wills' objections and adopted the magistrate's decision with modifications. The trial court awarded MWHA attorney fees in the amount of $18,827.95.

{¶7} Wills appealed the May 16, 2011 judgment entry to this court. We affirmed the trial court's judgment including the attorney fees award in *Morgan Woods Homeowners' Association v. Wills*, 5th Dist. Licking No. 11 CA 57, 2012–Ohio–233 ("*MWHA I.*"). The Ohio Supreme Court declined to accept jurisdiction of the Wills' appeal of our decision. *Morgan Woods Homeowners' Assn. v. Wills*, 131 Ohio St.3d 1554, 2012–Ohio–2263, 967 N.E.2d 765.

{¶8} On June 7, 2012, MWHA filed a motion for an award of additional attorney fees with the trial court to cover the fees and costs it incurred from August 1, 2008, to April 30, 2012. At the motion hearing, the affidavit of David Wigginton was introduced without objection on the issue of attorney fees. On September 7, 2012, the trial court awarded additional attorney fees and costs to MWHA in the amount of $17,904.99.

{¶9} Wills then filed a motion for reconsideration with the court on September 24, 2012, asking that it reconsider its awards of attorney fees. MWHA filed a written response, and the motion for reconsideration was denied by the court on January 7, 2013.

{¶10} MWHA recorded a lien against Wills residence located in the Morgan Woods subdivision on February 5, 2013, in the amount of both awards.

{¶11} On February 13, 2013, MWHA filed a complaint seeking the foreclosure of its lien. Because Huntington National Bank had a mortgage on the Wills residence, it was also named in the suit.

{¶12} Wills filed an answer to the foreclosure complaint on March 19, 2013, along with counterclaims against MWHA.

{¶13} On March 21, 2013, Wills filed a Motion for Relief from Judgment. In their motion, Wills argued they were entitled to relief from judgment pursuant to Civ.R. 60(B) based on newly discovered evidence, fraud, misrepresentation, and other reasons justifying relief.[2] The trial court held an evidentiary hearing on May 13, 2013. At the hearing, the Wills presented the testimony of John W. Reid and Frank Murphy. The witnesses testified the November 16, 2006 letter from Reid to the Wills approving the fence plan and design was done with the authority of the ACC.[3]

{¶14} On March 28, 2013, Morgan Woods obtained default judgment against Huntington Bank in the Foreclosure Case because it failed to file an answer. On March 29, 2013, Wills filed third-party claims in the Foreclosure Case against two former members of the Morgan Woods Architectural Control Committee (the "ACC"), James Stewart and Jim Martin. MWHA was requested by Mr. Stewart and Mr. Martin to provide their defense, which it elected to do given their status as members of the ACC during the time the dispute with the Wills arose.

---

[2] See, *Morgan Woods Homeowners' Association v. Wills*, 5th Dist. Licking No. 13-CA-62, 2014–Ohio–1578 ("*MWHA II*.").

[3] Article IV of the Morgan Woods Restrictions establishes an Architectural Control Committee ("ACC"). *MWHA I,* ¶4.

{¶15}  On April 13, 2013, MWHA, James Stewart, and John Martin filed a joint motion with the trial court to extend the time they had to respond to the counterclaims and the third-party complaints in the Foreclosure Case until such time as a decision was made on the 60(B) Motion due to the impact that decision would have on their collective responses. That motion was granted. MWHA filed its memo contra the 60(B) Motion on May 10, 2013.

{¶16}  The trial court denied the motion for relief from judgment on June 17, 2013. The trial court found the evidence presented at the hearing by Reid and Murphy was "more evidence newly produced rather than newly discovered. Both Reid and Murphy were subpoenaed to testify at the original trial yet did not." Nor did the trial court find misrepresentation or any other reason requiring relief from judgment.

{¶17}  The Wills appealed the June 17, 2013 judgment entry to this court. We affirmed the trial court's judgment in *Morgan Woods Homeowners' Association v. Wills*, 5th Dist. Licking No. 13-CA-62, 2014–Ohio–1578 ("*MWHA II.*").

{¶18}  On March 27, 2014, while MWHA and the Wills were awaiting the decision of this Court in the *MWHA II*, Huntington Bank filed a motion for relief from the default judgment rendered against it.

{¶19}  MWHA II was decided April 10, 2014.  On April 15, 2014, MWHA filed its memo contra Huntington's motion for relief from judgment.

{¶20}  On April 29, 2014, MWHA filed a motion for summary judgment in the Foreclosure Case. However, at the request of the Wills, the motion was held in abeyance while the Wills pursued an appeal of MWHA *II* to the Ohio Supreme Court. On June 2,

2014, the Wills filed a Notice of Appeal to the Ohio Supreme Court, to which Morgan Woods prepared and filed a written response.

{¶21} After an oral hearing held on May 8, 2014, the trial court denied Huntington's motion for relief on July 11, 2014. Huntington filed its Notice of Appeal of that decision to this Court on August 11, 2014.

{¶22} The Ohio Supreme Court declined jurisdiction of *MWHA II* on September 3, 2014.

{¶23} On September 24, 2014, MWHA filed a motion to conduct a debtors' exam on the Wills. The motion was granted, and the date of the exam was set by the court for October 21, 2014. Prior to the date set for said exam, Wills agreed to pay the attorney fees awards.

{¶24} On October 15, 2014, MWHA filed a motion with this Court to dismiss the Huntington appeal on the grounds that Huntington had not filed an appeal brief within the time required. MWHA's motion was granted, and the Huntington appeal was dismissed on November 4, 2014.

{¶25} On November 21, 2014, MWHA dismissed its foreclosure claim. However, because Wills counterclaims and third party claims remained and Wills refused to dismiss them, the Foreclosure Case continued.

{¶26} On November 25, 2014, MWHA filed their reply/answers to the counterclaims and third-party complaints, and on November 25, 2014, they filed their reply to the Wills memorandum contra the summary judgment motion. On January 9, 2015, the trial court granted MWHA's motion for summary judgment. The Trial Court dismissed the counterclaims and third party claims of the Wills.

{¶27} MWHA filed a motion for additional attorney's fees in the amount of $44,303.94 on April 2, 2015.

{¶28} By Judgment Entry filed April 3, 2015, the trial court set an oral hearing on MWHA's motion for April 24, 2015. On April 21, 2015, Wills filed a motion to continue the April 24, 2015 citing additional time to defend the motion. On April 22, 2015, MWHA filed a memorandum in opposition to the continuance. By Judgment Entry filed April 22, 2015, the trial court granted Wills motion and set a new hearing date for May 20, 2015.

{¶29} The trial court conducted an oral hearing on May 20, 2015, and by Judgment Entry filed May 27, 2015, denied MWHA's motion.

*Assignments of Error*

{¶30} MWHA raises three assignments of error,

{¶31} "I. THE TRIAL COURT COMMITTED ERROR IN DENYING MORGAN WOODS'S MOTION FOR ADDITIONAL ATTORNEY FEES WHEN IT FOUND THAT ATTORNEY FEES WERE NOT AUTHORIZED.

{¶32} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT APPELLANT'S REQUEST FOR A CONTINUANCE AND/OR FOR AN ORAL HEARING ON APPELLEE'S MOTION TO DISMISS.

{¶33} "III. THE TRIAL COURT COMMITTED ERROR WHEN IT RULED THAT IT HAD NO EVIDENCE AS TO THE REASONABLENESS OF MORGAN WOODS' ATTORNEY'S FEES.

*Analysis*

**Evidence concerning reasonableness of MWHA's attorney fees.**

{¶34} In its third assignment of error, MWHA's contends that there was evidence of the reasonableness of MWHA's attorney fees and the lack of new "testimony should not have been used as a basis for denying the motion."

A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked...and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40(1983). [Footnotes omitted].

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart* 461 U.S. at 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40. *See, also Bittner v. Tri–County Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464(1991).

{¶35} To establish the number of hours reasonably expended, the party requesting the award of attorney fees "should submit evidence supporting the hours worked...." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The number of hours should be reduced to exclude "hours that are excessive, redundant, or otherwise unnecessary" in

order to reflect the number of hours that would properly be billed to the client. Id. at 434, 103 S.Ct. at 1939–40. A reasonable hourly rate is defined as "the 'prevailing market rate in the relevant community.'" *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891(1984).

**{¶36}** In the case at bar, the trial court awarded MWHA additional attorney fees in the amount of $18,827.95 by Judgment Entry filed May 16, 2011.

**{¶37}** The trial court awarded MWHA attorney fees in the amount of $17,904.99 by judgment entry filed September 7, 2012.  MWHA represented that these fees covered the period from August 1, 2008 to April 30, 2012. *(Plaintiff's Motion for Additional Allowance of Attorney Fees,* filed Apr. 2, 2015 at 3). Trial before the magistrate took place on August 6, 2008. Our opinion denying Wills appeal was filed January 23, 2012. MWHA filed their motion for attorney fees on June 7, 2012. The motion does not mention the trial court's award of fees to MWHA on May 16, 2011.

**{¶38}** Thus, when MWHA filed its request for additional fees on April 2, 2015, it must be requesting fees for work performed after April 30, 2012. That the trial court found the work performed before April 30, 2012 bore a reasonable relationship to the properties involved is not proof that work performed after April 30, 2012 bears a reasonable relationship to the proprieties involved.

**{¶39}** The party requesting an award of attorney fees bears the burden "to produce satisfactory evidence-in addition to the attorney's own affidavit-that the requested rate [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson, supra* 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11.

**{¶40}** In the case at bar, in addition to the reasonableness of the fees, it was incumbent upon MWHA to present evidence that the fees were related to the enforcement of the restrictive covenants. *See, Morgan Woods I*, 62. It did not do so. There was no evidence presented during the hearing that additional fees in the amount of $44,303.94 were related to enforcement of the restrictive covenants to remove the fence.

**Denial of motion for continuance.**

**{¶41}** In its second assignment of error, MWHA contends that the trial court abused its discretion in denying its oral request for a continuance after the trial court struck the affidavit of David Wiggins pursuant to Wills objection at the May 20, 2015 hearing.

**{¶42}** In *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the Court considered the matter under a due process analysis. It said:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence.... Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.... There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied...."

Id. at 589, 84 S.Ct. at 849.

**{¶43}** Ordinarily a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921(1964).

**{¶44}** In the case at bar, MWHA's motion for additional attorney's fees in the amount of $44,303.94 was filed on April 2, 2015. By Judgment Entry filed April 3, 2015, the trial court set an oral hearing on MWHA's motion for April 24, 2015. On April 21, 2015, Wills filed a motion to continue the hearing citing additional time to defend the motion. Specifically, Wills stated,

> Upon review of the bills of Plaintiff's attorneys, these Defendants believe that there are items to be questioned, including services for Plaintiff's dispute with Huntington National Bank concerning priority of liens, the defense of third-party defendants, and extraordinary hours on matters such as a motion for debtor's examination.

*Motion of Defendant's David B. Wills and Sharon Wills for Continuance of Hearing on Plaintiff's Motion for Additional Allowance of Attorney Fees,* filed Apr. 21, 2015 at 1. MWHA opposed the continuance by written motion filed April 22, 2015. By Judgment Entry filed April 22, 2015, the trial court granted Wills motion and set a new hearing date for May 20, 2015.

**{¶45}** Accordingly, MWHA was given notice that Wills planned to contest the reasonableness of the fees and to contest whether the fees were related to the enforcement of the restrictive covenants. MWHA had nearly one month to procure the attendance of its witnesses for the May 20, 2015 hearing. The trial court noted that the

litigation concerning the removal of the fence had been ongoing for "seven years and ten months."

**{¶46}** Under the circumstances of this case, we find the trial court did not abuse its discretion in denying MWHA motion for a continuance.

**Error to find the attorney fees were not authorized.**

**{¶47}** In its first assignment of error, MWHA argues the trial court erred in finding the attorney fees were not authorized.

**{¶48}** In light of our disposition of MWHA's second and third assignments of error as discussed supra, any opinion this court might express regarding the correctness of the trial court's finding that the attorney fees were not authorized would be purely advisory, and it is well settled that this court does not indulge itself in advisory opinions. The established policy in Ohio prohibits appellate courts from rendering advisory opinions. *White Consolidated Industries v. Nichols*, 15 Ohio St.3d 7, 471 N.E.2d 1375(1984); *Cascioli v. Central Mut. Ins. Co.*, 4 Ohio St.3d 179, 183, 448 N.E.2d 126(1983); *Armco, Inc. v. Pub. Util. Comm.*, 69 Ohio St.2d 401, 406, 433 N.E.2d 923(1982).

**{¶49}** Accordingly, we find MWHA's first assignment of error to be moot.

*Conclusion*

**{¶50}** For the forgoing reasons, MWHA's second and third assignments of error are overruled.  MWHA's first assignment of error is moot.

{¶51}  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur