THE STATE, EX REL. SMITH, PROS. ATTY., APPELLEE, *v.*
OCASEK, SENATOR, APPELLANT, ET AL.

[Cite as State, ex rel. Smith, v. Ocasek (1976),
46 Ohio St. 2d 200.]

(No. 75-31—Decided May 12, 1976.)

ty.

*Mr. George C. Smith*, prosecuting attorney, and *Mr. William B. Shimp*, for appellee.

*Mr. William J. Brown*, attorney general, *Mr. Robert H. Olson, Jr.*, and *Mrs. Maryann B. Gall*, for appellant.

*Per Curiam.* The judgment of the Court of Appeals is in error for three reasons. The first error requiring reversal is that the Court of Appeals is without jurisdiction to entertain an action attacking an internal rule of a legislative body with regard to its constitutionality, as such rule affects the consideration, passage or defeat and constitutionality of a bill or resolution before that body.

The question involved was settled by this court in 1922, in *State, ex rel. Marcolin,* v. *Smith, Secy. of State,* 105 Ohio St. 570, 138 N. E. 881. The opinion *by the court* stated the law, at page 572, as follows:

"It has thus become the established law of this state that no * * * *tribunal* may interfere either with the enactment of laws or the amendment of the constitution while the same is in process, upon the ground that such legislation, if enacted, or constitutional amendment, if adopted, will be in conflict with the constitution, state or federal. These questions are and must necessarily be reserved for consideration and determination after the legislative or constitution-making body shall have *fully* performed its function and such new law or constitutional amendment shall have become effective." (Emphasis added.)

The Court of Appeals is a part of the judicial branch of government, and it has no jurisdiction to intervene in or interfere with the internal affairs of the legislative branch of government in carrying out its law-making responsibility under the Constitution. Once a law has been enacted or a constitutional amendment adopted the constitutionality of such as to the procedures and methods used in its passage or adoption by the General Assembly, and as to its substance, may be tested in the courts, but not during the legislative process.

The second error requiring reversal is that the instant cause does not present a justiciable controversy.

It is undisputed that the rule which is attacked in this court was not used in the controversy which was before this court in *Maloney* v. *Rhodes* (1976), 45 Ohio St. 2d 319, 345 N. E. 2d 407, and there is nothing in the record to indicate that the rule has ever been used.

The President Pro Tempore of the Senate, Senator Oliver Ocasek, the respondent-appellant in the instant cause, has signed no bills as the presiding officer of the Senate. Justice Herbert, in his opinion in *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 257 N. E. 2d 371, at page 14, stated the controlling rule of law applicable here as follows:

"* * * It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies. The extension of this principle includes enactments of the General Assembly * * *."

The third error lies in the finding of the Court of Appeals that the complaint stated a cause of action in quo warranto.

"In Ohio, the writ of quo warranto * * * is used chiefly to question the authority of claimants asserting right and title to public office or corporate franchises." *State, ex rel. Cain,* v. *Kay* (1974), 38 Ohio St. 2d 15, 16, 309 N. E. 2d 860. The Court of Appeals nevertheless found that the rule in question presumed to place a public official "in the office of one who is already there" and concluded that "such intrusion" invoked the court's jurisdiction in quo warranto.

"The remedy by way of *quo warranto* is employed to test the actual right to an office or franchise. It can neither afford relief for official misconduct, nor be used to test the legality of the official action of a public officer. When a public officer threatens to exercise ministerial powers not conferred upon him by law, or attempts to exercise the functions of his office beyond its territorial limits, the proper remedy to restrain such action would be by injunction." *State, ex rel. Pawlowicz,* v. *Edy* (1938), 134 Ohio St. 389, 394, 17 N. E. 2d 638.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., concurs in the judgment for the reasons stated in *State, ex rel. Pawlowicz,* v. *Edy* (1938), 134 Ohio St. 389, 394.