DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The present case is a consolidated appeal from the Summit County Court of Common Pleas. In Summit Court of Appeals Case No. 18330, Strategic Capital Investors, Ltd. ("SCI") appeals from the denial of a writ of mandamus. In Summit Court of Appeals Case No. 18627, SCI and the Heritage Woods Neighbors Association ("Heritage Neighbors") present cross-appeals from a separate declaratory judgment action.
 I. A. The Heritage Centre Allotment
Louis and Freda Stile and the Louis Stile Trust ("the Stiles") are the owners of a plot of land in Copley Township, Summit County, Ohio, known as the Heritage Centre Allotment ("the Allotment"). The land is adjacent to a residential development known as Heritage Woods. In 1994, the Stiles recorded a plat ("the 1994 plat") which divided the Allotment into eleven lots. The 1994 plat also dedicated a portion of the Allotment as a public road called Heritage Center Drive.[1] Heritage Center Drive is a cul-de-sac with only one point of ingress or egress. The only street connected to Heritage Center Drive leads into Heritage Woods. Heritage Center Drive is completely surrounded by the Allotment, abutting only those eleven lots platted by the 1994 plat.
At some point thereafter, SCI, a limited liability company, obtained an option to purchase the Allotment from the Stiles. The option agreement gave SCI the right to consolidate the existing lots on the Allotment, as shown on the 1994 plat, and vacate Heritage Center Drive.
In early 1996, SCI presented a vacation and consolidation plat of the Allotment ("the new plat") to the Summit County Planning Commission. The new plat called for Heritage Center Drive to be vacated and for all lots to be consolidated. On February 23, 1996, the Planning Commission approved the new plat; the Summit County Engineer approved the new plat in June 1996. However, a question arose as to whether the approval of the Summit County Council was required before the new plat could be accepted for recordation, so SCI requested that the Summit County Executive prepare legislation to allow approval of the new plat.
At two times during the process, the Summit County Prosecutor issued an opinion on the matter. The first opinion, issued on February 22, 1996, concluded that Heritage Center Drive could not be vacated by the recording of the new plat approved by the Summit County Planning Commission under R.C. 711.24. Instead, the opinion concluded that Heritage Center Drive could only be vacated by the Summit County Council pursuant to R.C. 5553.04. On July 8, 1996, the Summit County Prosecutor issued a second opinion, based on "additional information submitted by interested parties." The second opinion concluded that R.C. 711.24 applied, not R.C.5553.04, permitting Heritage Center Drive to be vacated by merely recording the new plat.
The legislation that SCI had requested was submitted to the Summit County Council, but it was sent to committee and later withdrawn. Some time thereafter, the county council introduced an ordinance for a viewing of Heritage Center Drive and a public hearing on the matter, ostensibly in accordance with the procedures required by R.C. 5553.05(A). SCI attempted to record the new plat in the meantime but was rejected by the Summit County Auditor. After a view was held on September 30, 1996, and a hearing held on October 7, 1996, the county council voted to not adopt the ordinance that would vacate Heritage Center Drive.
 B. Case No. 18330
On September 17, 1996, prior to the Summit County Council's view of Heritage Center Drive, SCI filed a petition for a writ of mandamus in the Summit County Court of Common Pleas. The petition named the Summit County Auditor and the Summit County Recorder as respondents and sought to compel those individuals to accept the new plat for recordation. On September 18, 1996, the trial court issued an alternative writ of mandamus, commanding the county auditor and county recorder to prepare and accept the new plat for recordation or to show cause at a hearing on October 8, 1996, why they had not done so.
On September 24, 1996, Heritage Neighbors moved to intervene and for the alternative writ to be vacated. SCI responded in opposition. On October 18, 1996, the trial court granted Heritage Neighbors' motion to intervene and vacated the alternative writ.
After the trial court vacated the alternative writ, SCI and Heritage Neighbors made cross-motions for summary judgment. Ruling on the motions for summary judgment, the trial court dismissed SCI's petition for a writ of mandamus on January 15, 1997. SCI filed its notice of appeal to this court on January 31, 1997.
 C. Case No. 18627
On February 10, 1997, while Case No. 18330 was pending before this court, SCI filed a declaratory judgment action in the Summit County Court of Common Pleas.[2] The action named Summit County, the Summit County Auditor and the Summit County Recorder as defendants. In this second action, SCI sought a declaration that, inter alia, Heritage Center Drive may be vacated under R.C.711.24. The defendants answered. SCI then moved for summary judgment on March 25, 1997.
On April 10, 1997, Heritage Neighbors again moved to intervene, and SCI again opposed the motion. Heritage Neighbors then also moved for summary judgment. The trial court granted Heritage Neighbors' motion to intervene on June 13, 1997.
On July 3, 1997, the trial court issued its decision on the cross-motions for summary judgment. The trial court granted SCI's motion on count one of its complaint, declaring that R.C. 711.24
was a proper method for vacating Heritage Center Drive. The trial court then dismissed the remainder of the action with prejudice.
On July 11, 1997, Heritage Neighbors filed its notice of appeal. SCI cross-appealed on August 1, 1997. Summit County, the county auditor, and the county recorder did not appeal.
 II. A. Case No. 18330
We first turn to consider whether the trial court erred in denying SCI's petition for a writ of mandamus. At oral argument, the parties informed this court that SCI's new plat had been recorded after the trial court issued its ruling below in Case No. 18627. The petition sought a writ of mandamus to compel the recordation of the new plat. Because recordation has occurred, SCI's petition for a writ to compel such action is moot. SCI's two assignments of error in Case No. 18330 are overruled, and the appeal is dismissed.
 B. Case No. 18627
We now turn to the appeal and cross-appeal presented in Case No. 18627. We will first address Heritage Neighbors' two assignments of error, then turn to SCI's two cross-assignments of error.
 Heritage Neighbors' First Assignment of Error The trial court erred in finding that Heritage Centre [sic]Drive, a publicly dedicated road lying outside of amunicipality, was properly vacated by Strategic Capitalpursuant to ORC Section 711.24.
Heritage Neighbors' first assignment of error delves into the heart of the parties' dispute. SCI argues, and the trial court agreed, that R.C. 711.24 was a proper method for vacating Heritage Center Drive. Heritage Neighbors argues that R.C. 5553.04 is the only proper method for such vacation.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
R.C. Chapter 711 deals with the recordation of plats. If the plat involves lands outside a municipal corporation, it may not be recorded without the approval of the board of county commissioners,[3] unless the plat must be approved by a planning commission. R.C. 711.041. If a county planning commission exists and the planning commission has created a plan for the major streets of the county, all plats must be approved by the planning commission before the plats may be recorded. R.C.711.10. Therefore, if a plat needs approval before recordation in a county that has a county planning commission, the plat may be recorded after only the approval of the planning commission.
R.C. 711.24 governs the changing of lots not within a municipal corporation.[4] The statute states:
 Any person owning, either jointly or severally, and either in his own right or in trust, and having the legal title to any land laid out in town lots, not within the limits or subject to the control of a municipal corporation, may change such lots and the streets and alleys bounding them by making, acknowledging, and having recorded, as provided in sections 711.01 to 711.38, inclusive, of the Revised Code, a new plat of such land, and having the proper transfers made in the office of the county auditor. No such change shall be made if it injuriously affects any lots on the streets or alleys, or within the plat so changed, unless all the owners of the lots so affected are parties joining in making the change, or such owners give their consent in writing on the new plat, which is recorded therewith. Any change of a town plat made under this section shall have the same effect as if made by the judgment of a court having jurisdiction thereof.
Therefore, if a county planning commission exists, only the consent of the planning commission is required to record a plat changing town lots and the streets bounding those lots.
R.C. Chapter 711 also speaks to the dedication of public roads. If a plat dedicates streets or roads to the public, the board of county commissioners must separately accept the street or road before dedication takes place. R.C. 711.041.
We contrast the preceding statutes with R.C. Chapter 5553, dealing with the establishment, alteration, and vacation of roads. R.C. 5553.02 states in pertinent part:
 The board of county commissioners may locate, establish, alter, widen, straighten, vacate, or change the direction of roads as provided in sections 5553.03 to 5553.16 of the Revised Code. This power extends to all roads within the county, except that as to roads on the state highway system the approval of the director of transportation shall be had. * * *
The board of county commissioners may vacate a public road if the board "is of the opinion that it will be for the public convenience or welfare." R.C. 5553.04. The vacation may be done on the board's own initiative or on petition by twelve freeholders residing in the vicinity of the proposed vacation. Id. In order for a road vacation to be valid, the board must follow the procedures outlined in R.C. 5553.05.
R.C. Chapter 5553 also speaks to dedication of roads. R.C.5553.31 provides in part:
 Any person may, with the approval of the board of county commissioners, dedicate lands for road purposes. A definite description of the lands to be dedicated with a plat of such lands thereto attached and signed by the party dedicating such lands, with the approval and acceptance of the board indorsed thereon, shall be placed upon the proper road records of the county in which such road is situated. * * *
Thus, this section is in agreement with R.C. 711.041, requiring explicit approval of roads offered for dedication as public roads.
The parties have asserted that a conflict exists between these two sets of statutes as they apply to the facts of the instant case. In the case at bar, SCI is, for purposes of our analysis, the landowner of all the lots bounding Heritage Center Drive. SCI contends that under R.C. 711.24, SCI may consent to a "change" to the 1994 plat and Heritage Center Drive, such change being the elimination of the lots and the vacation of the street. Heritage Neighbors, on the other hand, argues that Heritage Center Drive may only be vacated by action of the Summit County Council in accordance with R.C. 5553.04.
We hold that R.C. 5553.04 is the means whereby Heritage Center Drive may be vacated. SCI stated at oral argument that for purposes of this appeal, which encompasses only count one of its complaint, Heritage Center Drive is a public road.[5] There is no evidence that the Stiles were required to publicly dedicate Heritage Center Drive when the 1994 plat was recorded; instead, the road was offered to the public without reservation. Heritage Center Drive could not have automatically become a public road upon the approval and recordation of the 1994 plat; rather, Summit County must have affirmatively accepted the dedicated road. See R.C. 711.041 and 5553.31. Thus, Heritage Center Drive having been willingly dedicated to the county, and hence to the public, SCI, as successors to the Stiles, cannot reclaim the road from the public unilaterally. The public, through its elected representatives on the Summit County Council, must assent to the vacation of a publicly dedicated road through the procedures outlined in R.C. 5553.04.
Clagg v. Baycliffs Corp. (Mar. 7, 1997), Ottawa App. No. OT-96-023, unreported, appeal allowed (1997), 79 Ohio St.3d 1449, is not to the contrary. In Clagg, the Sixth District Court of Appeals held that the developer could properly alter the route of a private platted road under R.C. 711.24. In the case at bar, Heritage Center Drive is a publicly dedicated road that SCI wishes to eliminate, not merely alter. Our interpretation of R.C. 711.24
does not vitiate the statute. Those who wish to alter private roads may use R.C. 711.24; where the elimination of a public road is concerned, R.C. 5553.04 is the appropriate measure.
The trial court erred in holding that SCI could vacate Heritage Center Road through R.C. 711.24. Heritage Neighbors' first assignment of error is sustained.
 Heritage Neighbors' Second Assignment of Error The trial court erred in failing to dismiss the case at bar(Strategic Capital II).
Heritage Neighbors' second assignment of error asserts that Case No. 18627 is barred by res judicata. We disagree.
Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. However, we believe that Case No. 18627 should not be barred. Case No. 18330 sought a writ of mandamus, an extraordinary writ that requires that there be no other plain and adequate remedy at law for the writ to issue. R.C. 2731.05. Often, a party seeks a writ of mandamus, only for the court to rule that the party had another remedy available. To allow a petition for a writ of mandamus to bar the subsequent action seeking that other remedy would produce unjust results.
In addition, Case No. 18330 did not definitively answer the question before us in Case No. 18627: whether R.C. 711.24 or R.C.5553.04 governs the vacation of Heritage Center Drive. In Case No. 18330, the trial court only ruled that the law was not clear as to which statute applied. That issue, not having been determined in the previous case, should be resolved here. Heritage Neighbors' second assignment of error is overruled.
 SCI's First Cross-Assignment of Error The Trial Court erred when it allowed Intervening DefendantCross-Appellee Heritage Woods Neighbors' Association tointervene in Plaintiff Cross-Appellant Strategic Capital'sComplaint for Declaratory Judgement [sic].
In its first cross-assignment of error, SCI contends that the trial court improperly allowed Heritage Neighbors to intervene under Civ.R. 24. We disagree.
We review a trial court's determination of a motion to intervene under an abuse of discretion standard. In re Stapler
(1995), 107 Ohio App.3d 528, 531. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freemanv. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552. Instead, a reviewing court should be guided by a presumption that the trial court was correct. State v. Coppock (1995), 103 Ohio App.3d 405,411.
Civ.R. 24 allows a party to intervene in two circumstances: intervention "of right" under Civ.R. 24(A), and permissive intervention under Civ.R. 24(B). Civ.R. 24 states in pertinent part:
(A) Intervention of right.
 Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(B) Permissive intervention.
 Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
In addition, Civ.R. 24 is given a liberal construction in favor of intervention. State ex rel. Smith v. Frost (1995), 74 Ohio St.3d 107,108.
Upon reviewing the record, we cannot say that the trial court abused its discretion in allowing Heritage Neighbors to intervene. Though the trial court did not specify whether the intervention was permissive or of right, its decision was not unreasonable or arbitrary.[6] Heritage Neighbors has an interest in the Heritage Center transaction that bears protection.
SCI also argues that Heritage Neighbors lacks standing to participate in this action. Specifically, SCI attacks Heritage Neighbors's status as a "real party in interest" under Civ.R. 17(A). This contention lacks merit.
Civ.R. 17(A) states that "[e]very action shall be prosecuted in the name of the real party in interest." This refers to who may sue, not who may be sued. Heritage Neighbors is not prosecuting this action, but is a defendant. Under R.C. 1745.01, an unincorporated association, such as Heritage Neighbors, may be a proper defendant in an action.
The trial court did not err by permitting Heritage Neighbors to intervene. SCI's first cross-assignment of error is overruled.
 SCI's Second Cross-Assignment of Error The Trial Court erred in dismissing, with prejudice, allremaining causes of action in the underlying lawsuit when itgranted Plaintiff Cross-Appellant's Motion for SummaryJudgement [sic] that had pertained to only Count One ofPlaintiff Cross-Appellant's Complaint.
SCI's second cross-assignment of error asserts that the trial court improperly dismissed the three remaining counts of SCI's complaint when SCI only sought summary judgment on one of those counts. We agree.
Upon granting summary judgment in favor of SCI, the trial court thereafter dismissed the remainder of SCI's complaint with prejudice. The remaining counts sought declarations that Heritage Center Drive is not a public road, that the Summit County Council's approval was not required for SCI to be able to file the new plat vacating Heritage Center Drive, and that the Summit County Council did not consider the proper factors in rejecting the ordinance that would have vacated Heritage Center Drive. Presumably, the trial court dismissed them as moot, having granted the relief that SCI sought. However, this was improper. SCI's motion for summary judgment only extended to the first count of the complaint. If the trial court was granting summary judgment in favor of Heritage Neighbors on those other counts, such should have been stated. Those other counts remain to be decided.[7]
SCI's second cross-assignment of error is sustained.
 III.
In Case No. 18330, SCI's assignments of error are overruled, and the appeal is dismissed as moot.
In Case No. 18627, Heritage Neighbors' first assignment of error is sustained. Heritage Neighbors' second assignment of error is overruled. SCI's first cross-assignment of error is overruled. SCI's second cross-assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to parties equally.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
DICKINSON, J.
[1] The name has alternatively been spelled "Heritage Centre Drive" during the course of this litigation.
[2] Curiously, the trial court in Case No. 18330 had noted in one of its orders that "the issue [was] raised of the inability of [SCI] to proceed in any other manner than a Mandamus action."
[3] Summit County has adopted an alternative form of county government, see R.C. Chapter 302, consisting of an elected county executive, vested with executive and administrative powers, Summit County Charter Article II, and a "county council," the county's legislative body, id. Article III. Where R.C. Chapters 711 and 5553 speak of a "board of county commissioners," the corresponding entity in the case at bar is the Summit County Council, since the county council is vested with the power to make "public improvements," Summit County Charter 3.03(7) and 3.03(9), and improvements have been defined to include the creation, alteration, and vacation of roads, R.C. 5553.01.
[4] It is conceivable that R.C. 711.25, dealing with the vacation of plats, applies in the case at bar instead of R.C.711.24, since SCI seeks to eliminate, instead of change, the eleven lots from the 1994 plat. However, because neither party has presented that argument on appeal, we do not address it here.
[5] There is also evidence in the record that Heritage Center Drive is a public road.
[6] Even if Heritage Neighbors did not have the right to intervene in the trial court, it would have had that right once Summit County failed to appeal the trial court's decision. See Norton v. Sanders (1989), 62 Ohio App.3d 39,42-43.
[7] However, we must caution that, under the doctrine of the law of the case, any decision on remand may not be inconsistent with this opinion.