DECISION AND JOURNAL ENTRY
Appellants Robert and Janet Webb[1] appeal the judgment of the Wayne County Court of Common Pleas, rendered in favor of appellees Brian and James Poff and BE Excavating.[2] We reverse.
On June 13, 1996, Mr. Webb was driving on South Main Street in West Salem, Ohio. After crossing a set of railroad tracks, something darted out in front of Mr. Webb's car, and he quickly applied his brakes. Brian Poff was driving a semi tractor-trailer (owned by James Poff and/or BE Excavating) directly behind Mr. Webb and was crossing the railroad tracks when Mr. Webb used his brakes. Brian was unable to stop in time and hit the back of Mr. Webb's car. The parties disputed the force of the blow and its effect upon Mr. Webb.
After realizing he had been hit from behind, Mr. Webb pulled his car over and signaled for Brian to do the same. Brian continued to drive on. Brian testified at trial that he was trying to find a place to pull the large semi over without obstructing traffic, while Mr. Webb testified that Brian made it clear that he had no intention of stopping. Mr. Webb re-entered his car and pursued Brian, pausing briefly to let his passenger get out to inform the police of what had occurred.
At some point while the semi was stopped, Mr. Webb got out of his car and climbed onto the driver's side running board and attempted to wrest control of the semi from Brian. At trial, Mr. Webb testified that he climbed down once the chief of police arrived. Brian testified that Mr. Webb fell from the semi to the ground, landing on his back.
On June 11, 1998, Plaintiffs[3] filed a complaint in the Wayne County Court of Common Pleas.[4] The complaint alleged claims of negligence against Defendants, including a claim of negligent entrustment against James Poff and BE Excavating. Defendants answered the complaint.
Throughout the course of the litigation, the parties encountered problems with discovery. Eventually, on April 21, 1999, the trial court ordered that discovery be completed by June 1, 1999, and that all experts be identified by May 10, 1999. A trial was set for June 28, 1999.
Plaintiffs scheduled a video deposition of Dr. Gerald Yosowitz, one of their expert witnesses, for June 21, 1999. The video deposition was to be used at trial. On June 16, 1999, Defendants moved for a protective order and in limine to prevent the video deposition of Dr. Yosowitz. Defendants stated that Dr. Yosowitz had not examined Mr. Webb prior to Mr. Webb's deposition but that Dr. Yosowitz did examine him after the deposition and that a report of that examination had not been provided to Defendants prior to the discovery cutoff date. On June 18, 1999, the trial court granted Defendants' motion before Plaintiffs were able to reply. Plaintiffs replied to Defendants' motion on June 21, 1999. Plaintiffs moved for reconsideration, but the trial court denied the motion.
A jury trial was held on June 28, 1999. Plaintiffs' witnesses were Brian Poff, Mr. Webb, and a chiropractor who treated Mr. Webb. After Plaintiffs rested, Defendants moved for a directed verdict on the negligent entrustment claims, and the trial court granted the motion. Defendants produced the testimony of Brian Poff and David Knapp, who was a passenger in the semi with Brian at the time of the events at issue. After deliberating, the jury found for Plaintiffs but awarded no damages. Plaintiffs timely appealed to this court.
Plaintiffs assert four assignments of error. We will address each in turn.
 I THE TRIAL JUDGE ABUSED HIS DISCRETION, AND SERIOUSLY IMPAIRED PLAINTIFFS' PERSONAL INJURY CLAIM, BY PROHIBITING THEM FROM INTRODUCING THE EXPERT TESTIMONY OF AN ORTHOPAEDIC PHYSICIAN, DR. GERALD YOSOWITZ.
Plaintiffs argue in their first assignment of error that the trial court erred by prohibiting them from introducing at trial the videotape testimony of Dr. Yosowitz. We agree.
We review the trial court's decision to exclude the testimony of an expert as a discovery sanction under an abuse of discretion standard. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, syllabus; Jones v. Murphy (1984), 12 Ohio St.3d 84, syllabus. An abuse of discretion is "more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." State ex rel.Strategic Capital Investors, Ltd. v. McCarthy (1998), 126 Ohio App.3d 237,247.
In the case at bar, we conclude that the trial court abused its discretion. In responding to Defendants' discovery requests, Plaintiffs stated that they were not yet in possession of Dr. Yosowitz's expert report but that it would be given to Defendants when they obtained it. Plaintiffs obtained Dr. Yosowitz's report on June 18, 1999, and forwarded the report to Defendants that same day. The trial court also granted the initial motion two days after it was filed, contrary to Loc.R. 4(C)(2) of the Wayne County Court of Common Pleas, which permits responses to motions within fourteen days after the motion is received.
The trial court acted unreasonably and abused its discretion by excluding the video deposition testimony of Dr. Yosowitz from the trial. The first assignment of error is sustained.
 II THE TRIAL JUDGE ABUSED HIS DISCRETION, AND IRREPARABLY PREJUDICED PLAINTIFFS' CASE, BY BARRING THEM FROM INTRODUCING THE MEDICAL RECORDS AND BILLS OF THEIR NON-TESTIFYING HEALTH CARE PROVIDERS.
In the second assignment of error, Plaintiffs assert that the trial court erred when it excluded certain exhibits as evidence. As part of their case in chief, Plaintiffs sought to introduce medical records and bills from various medical providers relating to Mr. Webb's treatment subsequent to the accident with Brian Poff. Defendants stipulated to the exhibits' authenticity but objected to the admissibility of the exhibits. The trial court sustained the objection, stating that there was no testimony as to whether the bills were reasonably necessary for treatment and whether the amount charged was reasonable.
As a part of the burden to prove proximate cause, a plaintiff is required to prove that medical care was reasonably necessary.Rimsky v. Snider (1997), 122 Ohio App.3d 248, 252. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.
We conclude that the bills should not have been excluded on the basis of the reasonableness of the amount charged. Under R.C.2317.421, if otherwise admissible, written bills for medical services are prima facie evidence of the reasonableness of the charges stated. Because Mr. Webb's bills were prima facie evidence of the reasonableness of the charges, those exhibits should not have been excluded on that basis.
Further, the trial court's exclusion of Dr. Yosowitz's testimony precluded Plaintiffs from introducing evidence of the necessity of Mr. Webb's medical treatment. Plaintiffs proffered on the record that Dr. Yosowitz would have testified to the reasonable necessity of the medical treatment received by Mr. Webb in connection with the events of the case at bar. Based on our resolution of the first assignment of error, Plaintiffs must be given the opportunity to elicit the required testimony from Dr. Yosowitz. The second assignment of error is sustained.
 III THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY DIRECTING A VERDICT UPON PLAINTIFF'S NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANT, JAMES POFF.
For their third assignment of error, Plaintiffs contend that the trial court should not have granted Defendants' motion for a directed verdict on the negligent entrustment claim. We agree.
Under Civ.R. 50(A), a defendant may move for a directed verdict at the close of a plaintiff's case in chief.
 In ruling on a directed verdict — or, in our case, considering such a ruling on appeal — a court must construe the evidence most strongly in favor of the non-moving party and determine whether reasonable minds can come to but one conclusion on the evidence submitted, that conclusion being adverse to the non-moving party. If reasonable minds can reach different conclusions, the matter must be submitted to a jury. The court considers the motion without weighing the evidence or determining the credibility of witnesses. A motion for a directed verdict raises a question of law because it examines the materiality of the evidence rather than the conclusions to be drawn from the evidence. Thus, the court does not determine whether one version of the facts presented is more persuasive than another; rather, it determines whether only one result can be reached under the theories of law presented in the complaint.
(Citations omitted.) Cox v. Oliver Machinery Co. (1987),41 Ohio App.3d 28, 29. We review the trial court's decision denovo. Nichols v. Hanzel (1996), 110 Ohio App.3d 591, 599.
 In order to establish negligent entrustment, the burden is upon the plaintiff to establish [1] that the motor vehicle was driven with the permission and authority of the owner; [2] that the entrustee was in fact an incompetent driver; and [3] that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency.
 Gulla v. Straus (1950), 154 Ohio St. 193, paragraph five of the syllabus. The plaintiff must also prove negligent operation by the incompetent driver. Mastran v. Urichich
(1988), 37 Ohio St.3d 44, 48. The fact that the driver does not possess a driver's license is not, in and of itself, evidence that the driver is incompetent or unqualified. Mt. Nebo Baptist Church v. Cleveland Crafts Co. (1950), 154 Ohio St. 185, 189.
In the case at bar, Plaintiffs presented the testimony of Brian Poff as on cross-examination. Brian was nineteen years old at the time of the accident. He had been driving semi tractor-trailers for three or four years prior to the accident but did not possess a commercial driver's license. Brian testified that he was driving the semi with the permission of his father, James Poff.
We conclude that, viewing the evidence in a light most favorable to Plaintiffs, there was sufficient evidence to require the claim of negligent entrustment be submitted to the jury. A reasonable trier of fact could find that Brian was incompetent or unqualified to drive the semi, based on Brian's youthful experience and the lack of a commercial driver's license, and that James knew or should have known of Brian's incompetence. Accordingly, the trial court erred by granting Defendants' motion for a directed verdict on the negligent entrustment claim. The third assignment of error is sustained.
 IV THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS NO DISPUTE THAT PLAINTIFF HAD INCURRED MEDICAL AND CHIROPRACTIC BILLS AS A DIRECT AND PROXIMATE RESULT OF DEFENDANT'S ADMITTED NEGLIGENCE.
Plaintiffs argue in the fourth assignment of error that the jury's verdict was against the manifest weight of the evidence. Based on our disposition of the first three assignments of error, this assignment of error is moot. App.R. 12(A)(1)(c).
The first, second, and third assignments of error are sustained. The fourth assignment of error is moot. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
LYNN C. SLABY
FOR THE COURT CARR, J.
WHITMORE, J.
 CONCUR
[1] For sake of clarity, the Webbs will be referred to collectively as "Plaintiffs," and Robert Webb will be referred to individually as "Mr. Webb."
[2] The Poffs and BE Excavating will be referred to collectively as "Defendants," while the Poffs will be referred to individually as "Brian Poff" (or "Brian") and "James Poff."
[3] Also listed as a plaintiff was George Crabtree, executor of the estate of Ramona Crabtree, who was the owner of the car that Mr. Webb was driving when the accident occurred. George Crabtree's claims for property damage were subsequently voluntarily dismissed prior to trial and are not at issue in this appeal.
[4] Plaintiffs had filed a complaint in January 1997 but dismissed that complaint under Civ.R. 41(A)(1)(a) in May 1998.