INDIANA INSURANCE COMPANY, Appellee,

v.

MURPHY et al., Appellees; Baraby, Admr., Appellant.

[Cite as *Indiana Ins. Co. v. Murphy,* 165 Ohio App.3d 812, 2006-Ohio-1264.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–05–40.

Decided March 20, 2006.

814

Margaret M. Murray, for intervenor-appellant.

Stephen V. Freeze and Shaun A. Roberts, for appellee Indiana Insurance Co.

SHAW, Judge.

{¶ 1} Intervenor-appellant, Natalia Baraby, appeals the May 20, 2005 decision of the Court of Common Pleas, Allen County, Ohio, denying her motion to intervene in a declaratory-judgment action between Indiana Insurance Company ("Indiana Insurance") and their insureds, Michael and Ann Murphy. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶ 2} This appeal involves two cases that arose after fire destroyed the residential property that Baraby was leasing. Thomas and Ny'Kahla Terry were killed in the fire, and Tre'vyon Terry and Baraby were injured. Baraby brought an action in the Allen County Court of Common Pleas on behalf of herself, as guardian of Tre'vyon Terry, and as administrator of the estates of Thomas and Ny'Kahla Terry, against her landlords, Lawrence Swords and Swords Property Management, L.L.C. Swords thereafter filed a third-party complaint in that action against the Murphys, who were the previous owners of the property. Baraby was subsequently granted leave to amend her complaint to include the Murphys as defendants in that action.[1]

{¶ 3} A second action was brought by plaintiff-appellee, Indiana Insurance, seeking a declaratory judgment finding that the Murphys were not entitled to liability insurance coverage under their policy. Baraby filed a motion in the first action to consolidate the two cases, but that motion was denied by Judge Warren in his May 17, 2005 judgment entry. Additionally, Baraby filed a motion to intervene in the declaratory-judgment action, and that motion was denied by Judge Reed in his judgment entry dated May 20, 2005. Baraby now appeals from this judgment, asserting the following assignment of error:

The trial court erred in denying intervenor-appellant's motion to intervene.

---

1. While the instant appeal was still pending, the Court of Common Pleas granted summary judgment in favor of the defendants in the original action. Baraby has now appealed that judgment to this court in *Baraby v. Swords,* Case No. 1–05–76, 2006-Ohio-1993, 2006 WL 1062020, an action that is currently pending.

{¶ 4} We apply an abuse-of-discretion standard when reviewing a trial court's denial of a motion to intervene. *In re Stapler* (1995), 107 Ohio App.3d 528, 531, 669 N.E.2d 77, 79. "Abuse of discretion" means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. "When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. * * * Instead, a reviewing court should be guided by a presumption that the trial court was correct." *State. ex rel. Strategic Capital Investors, Ltd. v. McCarthy* (1998), 126 Ohio App.3d 237, 247, 710 N.E.2d 290; see, also, *State v. Coppock* (1995), 103 Ohio App.3d 405, 411, 659 N.E.2d 837, 841–842.

{¶ 5} In this appeal, we are asked to examine the application of Civ.R. 24. Initially, it should be noted that Ohio courts liberally construe this rule in favor of intervention. See, e.g., *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 534, 696 N.E.2d 1079, 1081. There are two means of intervention under the rule: intervention of right and permissive intervention. Baraby first argues that she should have been permitted to intervene as of right pursuant to Civ.R. 24(A), which provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

No applicable statute grants Baraby an unconditional right to intervene in this case. Therefore, under Civ.R. 24(A)(2), she must meet four conditions in order to intervene in the declaratory-judgment action: (1) she must have an interest relating to the availability of liability coverage under the insurance contract to the circumstances in her tort action, (2) there must be a possibility that disposition of the declaratory-judgment action will impair or impede her ability to protect that interest, (3) there must be a possibility that the existing parties will not adequately protect that interest, and (4) her motion to intervene must be timely filed. See *Peterman v. Pataskala* (1997), 122 Ohio App.3d 758, 760–761, 702 N.E.2d 965.

{¶ 6} In the instant case, the timeliness of the motion to intervene is not a contested issue. The record indicates that Baraby moved to intervene in a timely manner; the motion to intervene was filed six weeks after the declaratory-judgment action commenced. Accordingly, the fourth condition for intervention of right has been met.

{¶ 7} The remaining conditions are contested by the parties. With regard to the first element, Baraby claims that she has an interest in the subject matter of the declaratory-judgment action because if the trial court finds that liability for the fire damage was not covered under the Murphys' insurance contract with Indiana Insurance, then her ability to recover damages against the Murphys will be impaired. Indiana Insurance counters this claim by arguing that the availability of coverage under the policy is an issue only between the parties to the contract, and therefore Baraby has no legally protected interest in the declaratory-judgment action because she not a party to the contract.

{¶ 8} There is no clearly delineated test in Ohio for determining what level of interest an individual must have in the litigation in order to satisfy the requirements of Civ.R. 24. However, as recognized by the Tenth District Court of Appeals, Ohio courts may refer to federal case law interpreting the analogous Fed.R. 24. *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 831, 591 N.E.2d 1312. Those cases recognize that the alleged interest cannot be "too speculative," but must directly relate to the subject matter of the litigation. Id. at 832, 591 N.E.2d 1312. Indiana's argument that Baraby has no legal interest in an action to determine the scope of an insurance policy to which she is not a party is certainly compelling, and it appears to have persuaded the trial court. However, our review of the case law surrounding this issue persuades us that Baraby's interest is sufficiently related to the policy coverage to satisfy the requirements of Civ.R. 24.

{¶ 9} Federal courts have come to the same conclusion when analyzing similar cases under the analogous Fed.R. 24. See *St. Paul Fire & Marine Ins. Co. v. Summit–Warren Industries Co.* (N.D.Ohio 1992), 143 F.R.D. 129; *Indiana Ins. Co. v. Midwest Maintenance* (S.D.Ohio 2000), 2000 WL 987829. Specifically, *Midwest Maintenance* involved the same issue that is before us today. There, the potential intervenors filed a tort action in an Ohio court, and Indiana Insurance, the tortfeasor's insurer, subsequently filed a declaratory-judgment action in federal court seeking a declaration that it was not required to indemnify the tortfeasor. The tort claimants moved to intervene, and the district court found that they were permitted to intervene under Fed.R. 24, which is identical to the Ohio rule. *Midwest Maintenance,* at *4. That court noted that the intervenors "have a significant interest in that policy, since it could be the source from which they obtain satisfaction of any judgment, which they are able to obtain in their lawsuit against [the tortfeasor]." Id. at *3.

{¶ 10} Ohio cases have reached this result as well. In *Cincinnati Ins. Co. v. Consol. Equip. Co.,* 2nd Dist. No. 19390, 2003-Ohio-47, 2003 WL 77122, the Second District Court of Appeals examined the issue of whether a tort claimant and its insurer should have been dismissed from a declaratory-judgment action

filed against the tortfeasor by its insured. The court conducted an exhaustive analysis of Ohio law on the issue, and it concluded that the trial court erred by dismissing the tort claimant and its insurer. Id. at ¶ 53. As part of its analysis, the court recognized that various courts in Ohio have permitted "tort claimants * * * to intervene in declaratory judgment actions brought by the tortfeasor's insurers, where they were not originally named as parties." Id. at ¶ 33. *Cincinnati Ins.* also relied on the Supreme Court of Ohio's holding in *Hartford Acc. & Indemn. Co. v. Randall* (1932), 125 Ohio St. 581, 586, 183 N.E. 433, that a tort claimant is "a beneficiary and a real party in interest" in the tortfeasor's insurance policy.

{¶ 11} In refusing to permit Baraby to intervene, Judge Reed appears to have been persuaded by Indiana Insurance's argument that Baraby's interest is merely "speculative," because it is contingent on a finding that the Murphys are liable in the tort action. In doing so, Judge Reed relied on Judge Warren's decision not to consolidate the two cases involved here; Judge Warren's primary rationale was that there were separate legal issues involved and that the issue involved in the instant case was merely a contractual dispute between Indiana Insurance and the Murphys. Because of this, Judge Warren concluded that Baraby had no interest that would permit her to intervene, because her interest was contingent on a finding that the Murphys were liable.

{¶ 12} In doing so, Judge Warren relied on the Second District Court of Appeals' decision in *United States Fid. & Guar. Co. v. Elano Corp.* (1991), 2nd Dist. No. 90-CA-84, 1991 WL 355163. In *Elano*, the Second District found that a trial court did not abuse its discretion in refusing to permit a tort claimant to intervene in a declaratory-judgment action between the tortfeasor and its insured. Id. at *3. The *Elano* court relied, in part, on the fact that the doctrine of collateral estoppel would not preclude the tort claimant from relitigating this matter because they were not in privity of contract with the insurer. Id. However, the Second District revisited this issue in *Cincinnati Ins.* and reversed its opinion because the Supreme Court's decision in *Broz v. Winland* (1994), 68 Ohio St.3d 521, 629 N.E.2d 395, was later superceded by statute as discussed later in this opinion. *Cincinnati Ins.*, at ¶ 41–53. Accordingly, in this instance, we believe that the trial court's reliance on the *Elano* decision is misplaced, because that aspect of the decision has been subsequently overruled by the very court that issued it.

{¶ 13} Additionally, although it is true that Baraby's interest in the declaratory-judgment action is contingent on a finding that the Murphys are liable in the tort action, that interest is directly related to the subject of the declaratory action. The requirement that the interest cannot be "too speculative" is meant to prohibit individuals with similar claims, but no actual interest in the present

dispute, from intervening in the litigation. As one federal district court found: "Chaos would result if every citizen 'interested' in the outcome of new legislation were permitted to intervene in litigation interpreting that legislation. The interest of the intervenor must be more particularly in the subject matter of the lawsuit." *Rollins Cablevue, Inc. v. Saienni Ents.* (D.Del.1986), 115 F.R.D. 484, 487. Applied to the instant case, Baraby's interest would be too speculative if, for example, she owned an insurance policy with provisions similar to the ones contained in the insurance contract between the Murphys and Indiana Insurance and sought to argue for a broader interpretation of the policy. In that instance, her interest would have no direct relation to the circumstances of this case and therefore would be too speculative. In the situation in the instant case, however, Baraby has a direct interest in an action to determine whether the Murphys' insurance policy covered the alleged tort.

{¶ 14} Moreover, other courts in Ohio have found that contingent interests, similar to Baraby's potential interest in the Murphys' insurance coverage, are sufficient to fulfill the requirements of Civ.R. 24(A). In *Peterman*, the Fifth District found that the intervenors had a sufficient interest in a declaratory-judgment action involving rezoning of the plaintiff's real-estate property. The intervenors were individuals who owned property that was nearby or contiguous to the plaintiff's property; however, they had no legal interest in the property at issue. Nevertheless, the court found that the intervenors had an interest relating to the property, because they would be affected by the plaintiff's use of that property. *Peterman*, 122 Ohio App.3d at 761, 702 N.E.2d 965. Likewise, the Lake County Court of Common Pleas faced an issue identical to the instant case and concluded, "A person claiming to have been injured, personally or in property, and claiming a right of action against an insured has an interest which will be affected by the decision in an action for declaratory judgment * * *." *St. Paul Fire & Marine Ins. Co. v. Dept. of Natural Resources* (1970), 25 Ohio Misc. 26, 54 O.O.2d 28, 265 N.E.2d 814.

{¶ 15} Finally, in *Broz v. Winland* (1994), 68 Ohio St.3d 521, 629 N.E.2d 395, the Supreme Court of Ohio determined that a tort victim has an interest in a declaratory-judgment action. Id. at 525, 629 N.E.2d 395. The factual situation in *Broz* was substantially similar to the situation in the present case. There, an automobile accident victim brought a tort claim against the alleged tortfeasor. Id. at 521, 629 N.E.2d 395. The tortfeasor's insurance carrier thereafter brought a separate declaratory-judgment action against the tortfeasor, seeking a declaration of the extent of coverage available. Id. The Supreme Court noted that the tort victim had an interest in the declaratory-judgment action: "The declaratory judgment action involved the [tort victim's] interests as much as any other party who participated in that proceeding." Id. at 525, 629 N.E.2d 395. Although the

court's central holding in *Broz* has been superceded by statute as explained below, the specific conclusion that the tort claimants had an interest in the declaratory-judgment action remains sound law.

■ {¶ 16} Accordingly, we agree with the other courts that have examined this issue. The Ohio cases recognize that a tort claimant's interest in the tortfeasor's insurance coverage is sufficient to permit him to intervene in a declaratory-judgment action under Civ.R. 24(A). Moreover, we agree with the *Midwest Maintenance* court on this issue, and we find that Baraby has a substantial legal interest in the declaratory-judgment action. Id.

■ {¶ 17} Civ.R. 24(A) next requires Baraby to demonstrate that resolution of the extent of the policy coverage will impair or impede her ability to protect her interest as a practical matter. This requirement is clearly met due to the 1999 amendments to the Declaratory Judgment Act.

{¶ 18} The central holding by the Supreme Court in *Broz* was that the tort claimants were not bound by the declaratory judgment because they were not parties to that proceeding. *Broz*, 68 Ohio St.3d at 525, 629 N.E.2d 395. In reaching that conclusion, the court found that the doctrines of res judicata and, more specifically, collateral estoppel, did not apply to bar relitigation of the issues addressed in the declaratory-judgment proceeding. Id. at 523, 629 N.E.2d 395. Because the tort claimants were not parties to the declaratory action and were not in privity with the parties to that action, collateral estoppel did not apply and the judgment in the declaratory action was not binding on the tort claimant. Id.

{¶ 19} The General Assembly superceded the court's holding in *Broz* on that issue when it enacted Sub.H.B. No. 58, effective September 24, 1999, which amended the Declaratory Judgment Act. The amended statute provides:

> A declaratory judgment or decree that a court of record enters in an action or proceeding under this chapter between an insurer and a holder of a policy of liability insurance issued by the insurer and that resolves an issue as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that an insured under the policy allegedly tortiously caused shall be deemed to have the binding legal effect described in division (C)(2) of section 3929.06 of the Revised Code and to also have binding legal effect upon any person who seeks coverage as an assignee of the insured's rights under the policy in relation to the injury, death, or loss involved. *This division applies whether or not an assignee is made a party to the action or proceeding for declaratory relief and notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel.*

(Emphasis added.) R.C. 2721.12(B). Thus, under the amended Declaratory Judgment Act, a declaratory judgment is made binding on the tort claimant even

if that claimant is not a party to the declaratory-judgment proceeding. Accordingly, Baraby's interests in recovering against the Murphys will undoubtedly be impaired by a ruling in the declaratory action in Indiana Insurance's favor.

{¶ 20} The final requirement of Civ.R. 24(A) is that the parties to the proceedings will not adequately protect the potential intervenor's interests. "The burden of proving the inadequacy of the representation is on the party seeking intervention, although *this burden is a minimal one.*" (Emphasis added.) *Fairview Gen. Hosp.*, 69 Ohio App.3d at 834, 591 N.E.2d 1312, citing *Trbovich v. United Mine Workers of Am.* (1972), 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686. The rule itself requires only a showing that the representation of the intervenor's interest " 'may be' inadequate." *Trbovich*, 404 U.S. at 538, 92 S.Ct. 630, 30 L.Ed.2d 686, fn. 10; see, also, *Midwest Maintenance* at *4 ("there need only be the potential for inadequate representation"). An important factor to consider in determining the adequacy of the representation is " 'if the representative has been diligent in prosecuting the litigation.' " *Fairview Gen. Hosp.*, 69 Ohio App.3d at 835, 591 N.E.2d 1312 quoting *Olden v. Hagerstown Cash Register, Inc.* (3d Cir. 1980), 619 F.2d 271, 274–275.

{¶ 21} It is difficult to determine from the record the vigor with which the Murphys have defended their claim. Baraby asserted at oral argument that they have done little in defending their interests. There is little in the record, however, because Baraby filed her motion to intervene before the Murphys had filed an answer to Indiana Insurance's complaint, and Baraby appealed the denial of her motion to intervene before the declaratory action could proceed further. It is apparent, however, that there is at least the possibility that the Murphys have not vigorously defended their interests. They did not promptly respond to the complaint, instead filing numerous motions for an extension of time to respond. Those motions asserted that the Murphys were "still exploring other potential sources for insurance coverage with respect to the underlying claim, and that, if such coverage is found, the issues in the above captioned case may become moot." Their primary interest, therefore, appears to be in finding other forms of coverage in order to avoid having to defend the declaratory action brought by Indiana Insurance.

{¶ 22} Accordingly, we find that Baraby has established that the Murphys may not adequately represent her interests in the *declaratory-judgment action.* The Murphys' primary objective appears to be finding other forms of coverage; Baraby's interest in this litigation is to maintain her ability to recover damages under the insurance policy in question. Thus, it is apparent that the Murphys may assert different defenses that would be adverse to Baraby's interests. See *Midwest Maintenance* at *4 ("[T]he potential for inadequate representation exists[ ] when it is possible that the party seeking intervention and the existing

party, allegedly providing adequate representation, could present different defenses"). Therefore, Baraby has met the final requirement for intervention of right under Civ.R. 24(A), and in light of the fact that Ohio courts liberally construe Civ.R. 24 in favor of intervention, we conclude that Baraby should have been permitted to intervene.

{¶ 23} Moreover, the above reasoning makes clear that Baraby was permitted to intervene under the more lenient requirements of Civ.R. 24(B), the rule for permissive intervention, because the two cases had common questions of fact. See Civ.R. 24(B). Under that rule, the court had discretion whether to permit Baraby to intervene, but the court is directed by the rule to "consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. In this case, it is clear that Baraby's intervention would not prejudice either party. Thus, in light of the binding effect that a judgment in this action will have on Baraby, the trial court should have permitted her to intervene in the declaratory action under Civ.R. 24(B).

{¶ 24} This finding does not conclude our analysis, however. Even though we find that Baraby should have been allowed to intervene under the rule, Indiana Insurance argues that Baraby is precluded by statute from intervening in the declaratory-judgment action. The company asserts that R.C. 2721.02(B), which was enacted pursuant to Sub.H.B. No. 58, precludes a tort claimant from being a party to the declaratory-judgment proceeding between the tortfeasor and its insured:

A plaintiff who is not an insured under a particular policy of liability insurance *may not commence against the insurer* that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.

(Emphasis added.) R.C. 2721.02(B). In his dissent, Judge Rogers accepts this argument, concluding that the General Assembly intended to "remove any right of the allegedly injured party to participate in a declaratory-judgment action between the insurance company and the insured, unless and until the allegedly injured party has obtained a final judgment for damages against the insured."

{¶ 25} However, the clear and unambiguous language of both Sub.H.B. No. 58 and the statute preclude the injured party from *commencing* a declarato-

ry-judgment action. R.C. 2721.02(B); Sub.H.B. No. 58 ("[I]t is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in *Krejci v. Prudential Prop. & Cas. Ins. Co.* (1993), 66 Ohio St.3d 15 [607 N.E.2d 446], *Broz v. Winland* (1994), 68 Ohio St.3d 521, 524–525 [629 N.E.2d 395], and *Mezerkor v. Mezerkor* (1994), 70 Ohio St.3d 304, 308 [638 N.E.2d 1007], that existing section 3929.06 of the Revised Code does not preclude *the commencement of * * * a* declaratory judgment action or proceeding under Chapter 2721. of the Revised Code * * * "). (Emphasis added.) Nothing in either the bill or in R.C. 2729.02(B) precludes an injured tort claimant from *participating* in a declaratory-judgment action brought by the insurer against the alleged tortfeasor; i.e., an action commenced by another party. *Midwest Maintenance,* supra at *2 ("The language of [R.C.] 2721.02(B) does not remotely suggest that parties * * * are precluded from seeking leave to intervene in a declaratory judgment action brought by an insurer against an insured"). Indiana Insurance initiated the declaratory-judgment action in this case, not Baraby. The Federal District Court rejected Indiana Insurance's argument in *Midwest Maintenance,* and we likewise reject the argument that R.C. 2721.02(B) precludes Baraby from intervening in the declaratory-judgment litigation.

{¶ 26} Based on the foregoing, we find that Baraby had a right to intervene in the declaratory-judgment proceedings. Accordingly, the assignment of error is sustained, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and
cause remanded.

BRYANT, J., concurs.

ROGERS, J., dissents.

ROGERS, Judge, dissenting.

{¶ 27} I must respectfully dissent from the opinion of the majority. The Ohio State Legislature, which has the prerogative to determine matters of public policy, has spoken clearly and unequivocally on this issue. Prior to 1999, certain court rulings allowed allegedly injured parties to initiate or participate in declaratory-judgment actions between insurance companies and their insureds. In direct response to these court rulings, the 123d General Assembly passed Sub. H.B. No. 58, effective September 24, 1999, clearly prohibiting such participation prior to the allegedly injured party obtaining a judgment awarding damages for the injury.

{¶ 28} Specifically, R.C. 2721.02 provides:

824

A plaintiff who is not an insured under a particular policy of liability insurance *may not commence against the insurer* that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, *until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury,* death, or loss to person or property involved.

(Emphasis added.) R.C. 2721.02(B). The intent of the legislature is further confirmed in R.C. 2721.12 and 3929.06, which also prevent the allegedly injured party from relitigating a final declaratory judgment.

{¶ 29} The clear, unequivocal, and unambiguous statement of public policy contained in Sub. H.B. No. 58 is to remove any right of the allegedly injured party to participate in a declaratory-judgment action between the insurance company and the insured, unless and until the allegedly injured party has obtained a final judgment for damages against the insured. The 123d General Assembly expressed this in the bill itself at Sections 4 and 5.[2]

{¶ 30} In order to obtain the majority's result in this case, they would have to play a game of semantics to avoid the result the Ohio Legislature intended. If

---

2. {¶ a} Sections 4 and 5 of Sub. H.B. 58 provide:

{¶ b} SECTION 4. The General Assembly declares that, in enacting divisions (A) and (B) of new section 3929.06 and new division (B) of section 2721.02 of the Revised Code in this act, in outright repealing existing section 3929.06 of the Revised Code in this act, and in making conforming amendments to sections 2721.03 and 2721.04 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in *Krejci v. Prudential Prop. & Cas. Ins. Co.* (1993), 66 Ohio St.3d 15 [607 N.E.2d 446], *Broz v. Winland* (1994), 68 Ohio St.3d 521, 524–525 [629 N.E.2d 395], and *Mezerkor v. Mezerkor* (1994), 70 Ohio St.3d 304, 308 [638 N.E.2d 1007], that existing section 3929.06 of the Revised Code does not preclude the commencement of a civil action under that section or a declaratory judgment action or proceeding under Chapter 2721. of the Revised Code against an insurer that issued a policy of liability insurance until a court of record enters in a distinct civil action for damages between the plaintiff and an insured tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.

{¶ c} SECTION 5. The General Assembly declares that, in enacting new division (C) of section 2721.02, new division (B) of section 2721.12, and division (C) of new section 3929.06 of the Revised Code in this act and in making conforming amendments to division (A) of section 2721.12 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in *Broz v. Winland* (1994), 68 Ohio St.3d 521[, 629 N.E.2d 395], and its progeny relative to the lack of binding legal effect of a judgment or decree upon certain persons who were not parties to a declaratory judgment action or proceeding between the holder of a policy of liability insurance and the insurer that issued the policy.

they truly believe the legislative enactments to be ambiguous on this issue, they should look to R.C. 1.49 as instructive on what factors this court should consider in resolving the perceived conflict. They should then arrive at the same conclusion that the trial court and I have reached: that the public policy of Ohio currently prohibits an allegedly injured party from participating in a declaratory-judgment action between the insurance company and the insured prior to obtaining a final judgment against the insured.

{¶ 31} Accordingly, I would affirm the decision of the trial court.